## Tennessee Gas & Transmission Co. v. Lawrence et al.

November 17, 1950.

K. S. Alcorn, Judge.

Jay W. Harlan and Chenault Huguely for appellant.

E. C. Newlin and George R. Silliman for appellees.

STANLEY, COMMISSIONER—Affirming.

An excessive verdict is the only contention made in this condemnation case. The right of way for a gas pipe line runs through the front of a 36 acre farm on the Danville and Lebanon highway. It is about 870 feet in length and 50 feet in width except near the road where it is 100 feet wide for a distance of 200 feet. The widest

part was or is for temporary use in storing machinery during construction. The total area of the easement is 1.22 acres. The verdict was $510.40 as the value of the easement and $80 for damages to adjacent land.

The property over which the easement runs is a farm with a residence, barns, etc. The owner lives on a much larger farm in the neighborhood. This land is all in grass and has been used for grazing and keeping of livestock. The estimates of value of the farm as a whole were from $11,000 to $12,600 by the owner and his witnesses and around $5,400 by others. The owner fixed the value of the land taken for the easement at $400 and damages at $3,600. Another witness placed the difference in value of the farm before and after the taking at $1,800, another at $1,500 and four others at $1,000. The average of the seven witnesses is $1,600. Eliminating the extravagant damages claimed by the owner, the average is $1,200. The only basis for the estimates is that the farm will sell for that much less because of the pipe line easement.

For the company we have the testimony of the three commissioners of the county court that they appraised the value of the easement at $210.40 and allowed $85 for damages for reseeding the strip, or a total of $295.40. They repeated their estimates of value on this trial. Other witnesses, who appear to have been just as well qualified as were those introduced by the owner, placed the value of the easement from $150 to $400 and no damage to the remaining land. The average of seven witnesses was $265.

The average valuation of all fourteen witnesses is, in round figures, $900. In addition, the jury viewed the property and the condition in which it had been left after the pipe line was put through. The verdict is only $190.40 more than the highest estimate of value and damages fixed by any witness for the condemnor, and it is readily seen less than one-half the average value fixed by witnesses for the owner.

We think the verdict is reasonable and the contention of the appellant cannot be sustained.

Judgment affirmed.